On Rehearing as to Companies Represented by Barker and by Welshans & Woods.
Manning, C. Í.
Two opinions may be reasonably supposed to have exhausted all that should be said in this case; The third Shall be brief.
The city attorney, in his brief on rehearing, remarks that a discrimination has been made by the court, in that each of the several Companies represented by Fell, Smith, and Moritz is condemned to pay full license, while those represented by Barker and Welshans & Woods are treated quite differently, notwithstanding the' latter hold precisely similar relations towards their agents as the former towards theirs. He seems to have forgotten or not to have known of our opinion on the application for a, rehearing, in which the cause as well as the necessity for such discrimination was pointedly demonstrated to be the difference in the pleading of these several parties.
Our decision wad that the city ordinance, by express terms and in unmistakeable language, imposed the license on the agency, and not on the Company or Companies that employed the agent, and therefore that each agency could be compelled to pay the license but once, and not as many times as it represented companies — that the business of Life Insurance agent is distinct from Fire and Marine Insurance agent, and each is therefore liable for a separate tax or license — that the judgments against the companies, which were affirmed, must stand, because their own pleadings admit the agency, plead a tender of part of the sum demanded, and plead a legislative Act as á remittitur of the residue — that the judgments against the other companies could not stand, because an agency as to them is specially denied, and it is alleged and proved that the parties, who were assumed to' be their agents, carry on a separate, distinct, and independent business, which the city ordinance in effect recognises as a trade, profession, or obeupation — and that these parties, not having been sued individually, could not be condemned individually.
Patiently going over the transcript and briefs once more, we think our former decree not only consistent but inevitable, unless counsel are willing to concede that this court can remodel pleadings, or that we can disregard the plain terms of an ordinance of the city to prevent a diminution of its revenue, to the prejudice of those who carried on business under the protection that ordinance was supposed to afford.
Lt'is therefore ordered that our former decree remain undisturbed.